IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

FILED
DISTRICT COURT OF GUAM
MAY 03 2004
MARY L. M. MORAN
CLERK OF COURT

IN RE: DAVID WOODRUFF,  )
   Petitioner,  )

**04-00025**

## PETITION FOR A WRIT OF HABEAS CORPUS

## AND ACTION FOR DECLARATION THAT A JUDGMENT IS VOID

1. David Woodruff, pro se, petitions this court for a writ of habeas corpus.

2. Woodruff claims his imprisonment is illegal and that he is entitled to relief pursuant to the great writ of habeas corpus.[1]

3. Woodruff is presently confined in the Wyoming State Prison, P.O. Box 400, Rawlins, Wy 82301 by the Warden Abbott.

4. Woodruff is held pursuant to a Judgment And Sentence of a state court that finds him guilty of pretended felonies. Woodruff claims that the judgment is void and wishes the court to declare it to be so.

5. Woodruff claims that (a) he won his trial and (b) that on the record the judge found a reasonable doubt of his guilt, and

---

[1] The right to a writ of habeas corpus is "a right to be delivered from all unlawful imprisonment." Ex Parte Bergman, 26 P. 914 915, 3 Wyo. 396 (Wyo.1890). "'(The writ of habeas corpus) is not now and never has been a static narrow, formalistic remedy; its scope has grown to achieve its grand purpose – the protection of individuals against erosion of their right to be free from wrongful restraint upon their liberty.' Jones v Cunningham, 371 US 236 (1963)." Peyton v Rowe, 391 US 54, 66 (1968). "...a principal aim of the writ [of habeas corpus] is to provide for swift judicial review of alleged unlawful restraints on liberty." Peyton v Rowe, 391 US at 63.

Petition For A Writ Of Habeas Corpus
And Action For A Vacation Of Judgment

Page 1 of 4

(c) the jury was never instructed that they could only find him guilty if it was beyond a reasonable doubt of guilt.

6. Woodruff briefs the claims of the violations of his rights in the "Memorandum On Rights Violation."

7. Woodruff briefs the jurisdiction of this court in the "Memorandum On Jurisdiction."

8. Woodruff claims that his custody violates the following laws:

The imprisonment violates the 14th Amendment, section 1, clause 2 and 6th Amendment jury trial clauses of the US Constitution, and,

(1) American Convention On Human Rights Treaty Articles 1(1), 2, 7(1, 2, 3, and 6), 8 (1 and 2), 24, 25 (1 and 2);

(2) Universal Declaration of Human Right Treaty, preamble, clause 3, Articles 2, 3, 7, 8, 10, 11(1);

(3) International Covenant On Civil and Political Rights Treaty, Article 2 (1, 2, and 3), 9 (1 and 4), 14 (1, 2, and 5), 26, 50;

(4) American Declaration of the Rights and Duties of Man, Articles 1, 2, 17, 18, 24, 25 (1 and 3), 26 (1 and 2), 33;

(5) United Nations Charter, 59 Stat. 1033, 1046, Chapter 9, Article 55(c).

Treaty and constitutional rights are the Supreme Law

of the Land, Article 6, section 2, US Constitution.

9. Woodruff requests the court to write the following on a

writ of habeas corpus if one is issued: "Per statutum tricesimo

primo Caroli secundi Regis" as required pursuant to the "English

Habeas Corpus Act (1679)" see Am.Jur.2d Desk Book, (1998) Supp.

May, 2002, Item No. 5.4.

10. Therefore Woodruff prays for the issue of the writ of

habeas corpus, and declaratory and injunctive relief.


I, David Woodruff, certify under the penalty of perjury that

the foregoing is true and correct.


*David Woodruff*
David Woodruff, Pro Se
I.D. #18323
Wyoming Prison
P.O. Box 400
Rawlins, Wy 82301

Executed ~~Feb 9~~ *April 25, 2004*, ~~2004~~ ~~2003~~.


## CERTIFICATE OF MAILING

Woodruff certifies that he deposited this pleading into the

Wyoming Prison Institutional Mailbox on ~~Feb 9~~ *April 25, 2004*, ~~2003~~ for

mailing to the United States District Court For The Territory Of

Guam ;

Woodruff certifies that the prison attaches postage subsequent

to deposit in the institutional mailbox;

Woodruff certifies that the envelope was marked "Legal Mail" and that no further outgoing legal mail system at the Wyoming Prison exists that requires of Woodruff anything.

I, David Woodruff, certify under the penalty of perjury that the foregoing is true and correct.

_David Woodruff_
David Woodruff, Pro Se
I.D. #18323
Wyoming Prison
P.O. Box 400
Rawlins, Wy 82301

Executed ~~Feb 9~~ April 25, ~~2003~~ 2004.

RECEIVED
MAY 0 3 2004
DISTRICT COURT OF GUAM
HAGATNA, GUAM

Petition For A Writ Of Habeas Corpus
And Action For A Vacation Of Judgment

Page 4 of 4

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

IN RE: DAVID WOODRUFF,        )
   Petitioner,              )

## WOODRUFFS MOTION FOR REASONED JUDGMENTS

David Woodruff, pro se, moves the court to issue explanations citing facts, law, and just rationale why Woodruffs arguments fail or grant the requested relief. Woodruff moves to have this done in writing and for all the arguments he makes in this action and appeal.

Woodruff submits his "Memorandum On Reasoned Judgments" in support of this motion. The Memorandum argues that reasoned judgment are required by the US Constitution.

THEREFORE, Woodruff claims that he is entitled to and the court must issue judgments in writing explaining how and why all of Woodruffs arguments fail citing facts, law, and just rationale pursuant to the right to be heard at a meaningful time and manner, the right to accurate judgments, and the right to meaningfully petition and access the court, 1st Amendment, petition, 5th Amendment, due process, and Article 4, section 2, clause 1, privileges and immunities clauses of the US Constitution, and Woodruff requests declaratory relief also.

I, David Woodruff, certify under the penalty of perjury that

Woodruffs Motion For
Reasoned Judgments

the foregoing is true and correct.


*David Woodruff*
David Woodruff, Pro Se
I.D. #18323
Wyoming Prison
P.O. Box 400
Rawlins, Wy 82301

Executed ~~Feb 9~~ *April 25*, ~~2003~~ *2004*.


### CERTIFICATE OF MAILING

Woodruff certifies that he deposited this pleading into the
Wyoming Prison Institutional Mailbox on ~~Feb 9~~ *April 25*, ~~2003~~ *2004* for
mailing to the United States District Court For The Territory Of
Guam ;

Woodruff certifies that the prison attaches postage subsequent
to deposit in the institutional mailbox;

Woodruff certifies that the envelope was marked "Legal Mail"
and that no further outgoing legal mail system at the Wyoming
Prison exists that requires of Woodruff anything.

I, David Woodruff, certify under the penalty of perjury that
the foregoing is true and correct.


*David Woodruff*
David Woodruff, Pro Se
I.D. #18323
Wyoming Prison
P.O. Box 400
Rawlins, Wy 82301

Executed ~~Feb 9~~ *April 25*, ~~2003~~ *2004*.


Woodruffs Motion For
Reasoned Judgments

Page 2 of 2

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

IN RE: DAVID WOODRUFF,                )
   Petitioner,                       )

## WOODRUFFS MOTION FOR AN ORDER FOR

## PHOTOCOPIES OR OTHER RELIEF

David Woodruff, pro se, submits this Motion For An Order For
Photocopies Or Other Relief.

Woodruff is denied photocopies by the Warden Abbott due to
Woodruffs indigence which prevents payment for the photocopies.
The Warden refuses to waive the cost.

Woodruff exhausted the administrative remedies in this matter,
see DOC grievances #269 of 1999 and #346 of 1999.

The following Court rules and statutes require copies of
documents, pleadings, and exhibits, either because of service
requirements or for the court:

   (1) Federal Rules Of Civil Procedure, 5.


Woodruff cannot comply with the court rules and statutes since
he cannot satisfy the defendants by payment since he is indigent.

Woodruff is indigent and has no money, income, cash, assets,
or property.

The Warden Abbott presently provides 100 photocopies per day,
twice a week (200 total per week) at seven (7) cents per page.

Woodruffs Motion For An Order For
Photocopies Or Other Relief     **Page 1 of 7**

Woodruff claims that the cost is unreasonable since his indigence prevents him from payment. Woodruff suggests that zero (0) cents per copy is reasonable since it is the only amount that will allow Woodruff photocopies.

Woodruff needs limits for photocopies that allow;

(1) copies of exhibits for his pleadings, such as DOC grievances referenced above, or the jury instructions referenced in the Memorandum On Rights Violation, and the complaint, or the judgment challenged in this action, or the exhibits and annotated letters that Woodruffs expert witness has provided to support Woodruffs arguments (see "Memorandum on Rights Violation", page 8, paragraph 1) and any other documents referenced in the pleadings here to fore and in the future.

(2) copies of pleadings, including forms like complaints, appeal briefs, IFP motions and other forms;

(3) copies to serve opposing partie(s) to provide for their right to notice and to be heard on the issues. This is necessary to the extent he is not able to acquire computer printouts of pleadings with which he may serve the opposing party, and that is determined by the amount of paper Woodruff can acquire (most of which comes from other than the prison staff since they do not readily provide that even for legal work) and that is determined by the amount of computer time available (the limit is about one hour a day) and that depends on the amount of printer ink

Woodruffs Motion For An Order For
Photocopies Or Other Relief     Page 2 of 7

available (usually there is about only two cartridges available per week). And computer printouts will never supply copies of exhibits with which the opposing party may be served;

(4) copies to comply with court rules;

(5) copies of documents and pleadings for Woodruffs records so he knows what he has filed and can use past pleadings for effective litigation and also for the preservation of records in case they are lost in the mail to allow for replacement at minimal cost and labor and avoid the possibility of prejudice from irreplaceable documents;

(6) copies so Woodruff will be provided file stamped copies of his pleadings from the clerk and court which is the only way Woodruff can make certain his pleadings are field without tampering or loss which is more likely due to the prison environment and since Woodruff has no access to the court file to verify uninhibited filing, see Houston v Lack (1988) 487 US 266 (no access to court file and loss of mail in prison likelihood).

Copies within these limits and at the reasonable cost of zero (0) cents per page will provide for Woodruffs access to the court.

"Prison officials must provide a means for prisoners to make sufficient copies of papers to comply with court rules. Gluth v Kangas, 951 F2d 1504, 1510 (CA9 1991)(upholding order requiring

Woodruffs Motion For An Order For
Photocopies Or Other Relief   Page 3 of 7

free photocopies for indigents); Harrington v Holshower, 741 F2d 66, 69 (CA4 1984)(free copying required for indigents); Johnson v Parke, 642 F2d 377, 379-380 (CA10 1981)(refusal to make copies at prisoners expense sufficient to comply with court rules may deny court access); see also Ramos v Lamm, 485 F.Supp 122, 166 (D.Colo.1979)(access to photocopies might be required given the limited law library hours and other restrictions) aff'd in pertinent part, 639 F2d 559 (CA10 1980)" Prisoner Self-Help Litigation Manual (1996) pg 193, ISBN 0-379-21213-7.

A different remedy is to suspend all rules requiring copies from Woodruff and provide for the clerk to copy and distribute copies in order to satisfy the court rules.

Woodruff will still require copies for;

(1) form pleadings for his records and for the court;

(2) file stamped copies for his records;

(3) exhibits, for his copy of pleadings and the courts; and,

(4) replacing pleadings lost in the mail in whole or part.


But chamber copies and copies for service would not be required by Woodruff. That will reduce copy load on Woodruff and the prison, as opposed to providing Woodruff copies without suspending the rules.

The court or judge has the power to suspend the rules, Phillips v Brill, 90 P 443 (Wyo.1907). The court also can refrain

Woodruffs Motion For An Order For
Photocopies Or Other Relief          Page 4 of 7

from following statutory requirements for payment for photocopies or for requirements that result in the need for photocopies, Wyo.R.Civ.Proc. 1 and 81 or Fed.R.Civ.Proc. 1 and 81.

The court can also refrain from following rules or statutes requiring photocopies by declaring them void as violating the Constitutional right to access the court, or the separation of powers. US v Butler (1936) 297 US 1, 62-63.

The separation of powers, Article 1, section 1, and Article III, section 1, of the United States Constitution, see White v Fisher, 689 P2d 102, 107 (Wyo.1984) provides the Legislature cannot prescribe the contents of pleadings in court.

The right to access the court is at stake which is protected by 14th Amendment, section 1, clause 2, US Constitution, see Murray v Giarrantano (1989) 492 US 1, 11, note 6, and the 1st Amendment petition clause, US Constitution, see Vasquez v Hernandez, 60 F3d 325, 328 (7th Cir.1995), and Article 4, section 2, privileges and immunities, 14 Amendment, section 1, clause 2, privileges and immunities, due process, and equal protection clauses, and 5th Amendment due process clause, US Constitution.

The court has the power to remedy the problem, "'It is fundamental that every court has inherent power to do all things that are reasonable necessary for the administration of justice within the scope of its jurisdiction.' 7 R.C.L. 1023, §62." Ex Parte Moore, 8 P2d 818, 825 (Wyo.1932).

Therefore Woodruff moves for an order for photocopies within limits and at a reasonable cost and/or suspension of rules and/or voiding laws requiring copies.

Woodruff moves the court to order that the clerk photocopy each of Woodruff pleadings and exhibits received for to hence and mail him a copy after they are file stamped so that Woodruff can be certain that they were received and are before the court without tampering or missing or damaged pages.

Woodruff also moves for a declaration whether his rights have been violated.

Woodruff also moves for a judgment citing facts, law, and just rationale why his arguments fail which he claims he has a right to pursuant to the US Constitution, see the "Memorandum On Reasoned Judgments."

## CONCLUSION

THEREFORE, Woodruff claims that the court must remedy the lack of photocopies pursuant to the United States Constitution, Amendment 1 (petition clause); Article 4, section 2 (privileges and immunities); Article 1, section 9, clause 2 (Habeas corpus preserved); 5th Amendment (due process clause); Article III, section 2, clause 1 (judicial power extends to cases arising under US Constitution and treaty as in the common law); Article I, section 1 (legislative power); and Article III, section 1 (judicial power);

Woodruffs Motion For An Order For
Photocopies Or Other Relief                Page 6 of 7

I, David Woodruff, certify under the penalty of perjury that the foregoing is true and correct.

Executed ~~Feb 9~~ April 25, ~~2003~~ 2004.

David Woodruff
David Woodruff, Pro Se
I.D. #18323
Wyoming Prison
P.O. Box 400
Rawlins, Wy 82301

CERTIFICATE OF MAILING

Woodruff certifies that he deposited this pleading into the Wyoming Prison Institutional Mailbox on ~~Feb 9~~ April 25, ~~2003~~ 2004 for mailing to the United States District Court For The Territory Of Guam ;

Woodruff certifies that the prison attaches postage subsequent to deposit in the institutional mailbox;

Woodruff certifies that the envelope was marked "Legal Mail" and that no further outgoing legal mail system at the Wyoming Prison exists that requires of Woodruff anything.

I, David Woodruff, certify under the penalty of perjury that the foregoing is true and correct.

Executed ~~Feb 9~~ April 25, ~~2003~~ 2004.

David Woodruff
David Woodruff, Pro Se
I.D. #18323
Wyoming Prison
P.O. Box 400
Rawlins, Wy 82301

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

IN RE: DAVID WOODRUFF,     )
   Petitioner,        )

## MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

DAVID WOODRUFF, pro se, moves the court to allow him to proceed in forma pauperis.

Woodruff has no assets, cash, credit, income, property not savings. Woodruff is an indigent prisoner.

Woodruff cannot afford to pay filing fees nor docket fees in this action.

Boddie v Connecticut, 401 US 371, 91 SCt 780, 28 Led2d 113 (1971) provides that indigents cannot be required to pay filing fees to claim violations of fundamental rights.

"As this Court has 'constantly emphasized,' habeas corpus and civil rights actions are of 'fundamental importance ... in our constitutional scheme' because they directly protect our most valued rights. Johnson v Avery, 393 US 483, 485 (1969); Wolff v McDonnell, 418 US 539, 579 (1974)." Bounds v Smith (1977) 430 US 817, 827.

"[I]n order to prevent 'effectively foreclosed access,' [to the court] indigent prisoners must be allowed to file appeals and habeas corpus petitions without payment of docket fees. Burns v

Motion For Leave To Proceed
In Forma Pauperis     **Page 1 of 3**

Ohio, 360 US 252, 257 (1959); Smith v Bennett, 365 US 708
(1961)." Bounds v Smith (1977) 430 US 817, 822.

"States must forgo collection of docket fees ...." for
indigents, Bounds v Smith (1977) 430 US 817, 825.

Smith v Bennett (1961) 365 US 708, 709, 6 Led2d 39, 40, 81 SCt
895 "We hold that to interpose any financial consideration
between an indigent prisoner of the state and his exercise of a
state right to sue for his liberty is to deny that person the
equal protection of the law."

This action is a petition for a writ of habeas corpus and
seeks the vindication of civil liberties and human rights.

Denying Woodruff leave to proceed in forma pauperis status and
dismissing or denying his petition for failure to pay the filing
fee or docket fees in spite of his indigence would deny Woodruff
his right to access the court that he has pursuant to the United
States Constitution, Amendment 1 (petition clause); Article 4,
section 2 (privileges and immunities); Article 1, section 9,
clause 2 (Habeas corpus preserved); 5th Amendment (due process
clause). Especially relevant is the equal protection clause which
operates to prevent discrimination against litigants because of
their indigence and the absence of such bars for the rich, see US
Constitution, 5th Amendment, due process clause. (The due process
clause prohibits violations of equal protection of the law).

I, David Woodruff, certify under the penalty of perjury that

Motion For Leave To Proceed
In Forma Pauperis                Page 2 of 3

the foregoing is true and correct.

_David Woodruff_
David Woodruff, Pro Se
I.D. #18323
Wyoming Prison
P.O. Box 400
Rawlins, Wy 82301

Executed ~~Feb 9~~ April 25, ~~2003~~ 2004.

## CERTIFICATE OF MAILING

Woodruff certifies that he deposited this pleading into the Wyoming Prison Institutional Mailbox on ~~Feb 9~~ April 25, ~~2003~~ 2004 for mailing to the United States District Court For The Territory Of Guam ;

Woodruff certifies that the prison attaches postage subsequent to deposit in the institutional mailbox;

Woodruff certifies that the envelope was marked "Legal Mail" and that no further outgoing legal mail system at the Wyoming Prison exists that requires of Woodruff anything.

I, David Woodruff, certify under the penalty of perjury that the foregoing is true and correct.

_David Woodruff_
David Woodruff, Pro Se
I.D. #18323
Wyoming Prison
P.O. Box 400
Rawlins, Wy 82301

Executed ~~Feb 9~~ April 25, ~~2003~~ 2004.

Motion For Leave To Proceed
In Forma Pauperis

**Page 3 of 3**

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

IN RE: DAVID WOODRUFF,          )
   Petitioner,                )

## MEMORANDUM ON RIGHTS VIOLATIONS

David Woodruff, pro se, claims he is entitled to be released since his constitutional and treaty rights are violated by the judgment and sentence confining him.

Woodruff is imprisoned by Warden Abbott for pretended felonies.

Woodruff won his trial and on the record the judge found a reasonable doubt of his guilt, and the jury was never instructed that they could only find Woodruff guilty if it was beyond a reasonable doubt of guilt.

Woodruffs imprisonment violates the 14th Amendment, section 1, clause 2 and 6th Amendment jury trial clauses of the US Constitution, and,

(1) American Convention On Human Rights Treaty Articles 1(1), 2, 7(1, 2, 3, and 6), 8 (1 and 2), 24, 25 (1 and 2);

(2) Universal Declaration of Human Right Treaty, preamble, clause 3, Articles 2, 3, 7, 8, 10, 11(1);

(3) International Covenant On Civil and Political Rights Treaty, Article 2 (1, 2, and 3), 9 (1 and 4), 14 (1, 2, and 5),

26, 50;

(4) American Declaration of the Rights and Duties of Man, Articles 1, 2, 17, 18, 24, 25 (1 and 3), 26 (1 and 2), 33;

(5) United Nations Charter, 59 Stat. 1033, 1046, Chapter 9, Article 55(c).

Treaty and constitutional rights are the Supreme Law of the Land, Article 6, section 2, US Constitution.

Constitutional violations are jurisdictional and the judgment and sentence is therefore void and habeas corpus relief is warranted and required. In Re Nielsen, 131 US 176 [or 131 US 183]; Miskimins v Shaver, 58 Pac. 411, 414-415 (Wyo.1899); Dryden v State, 535 P2d 483, 490 (Wyo.1975).

This memorandum discusses two claims. The first begins on this page and the second begins on page 6.

## CLAIM 1

ISSUE: Whether a judgment of not guilty was warranted considering the judge's opinion?

Woodruff is incarcerated in prison even though he won my trial. A judgment of not guilty was erroneously not entered.

The day after trial, the trial judge said, "The evidence, it seemed to me, was sufficiently equivocal that the jury could have found a reasonable doubt." See transcripts of case 23-114,

Wyoming v Woodruff, 1st Judicial District, Laramie County, District Court, January 31, 1996, page 4, lines 22-24. This statement could not have been true unless the judge possessed an opinion that there was a reasonable doubt of guilt.

By failing to enter a judgment or directed verdict of not guilty, the right to a jury trial was violated, see Patton v US, 281 US 276, 289 (judge's opinion controls over jury verdict if his opinion is not guilty beyond a reasonable doubt), and,

-the right to a jury verdict of guilt only if it is beyond a reasonable doubt of guilt under the jury trial right is violated, See Sullivan v Louisiana (1993) 508 US 275, 278, and,

-the right to liberty and the presumption of innocense until and unless proven guilty beyond a reasonable doubt under the right to due process of law is violated. See In Re Winship, 397 US 358, 363-365.

<u>PROCEDURAL BARS</u>

Since correction of the error will result in a judgment of not guilty, a re-trial is barred by double jeopardy, 5th Amendment, US Constitution.

Since there was a reasonable doubt of guilt at the first trial, a conviction at re-trial, and therefore a re-trial, is barred by due process of law. In Re Winship, 397 US 358, 363-365 (due process prevents deprivation of liberty and requires

presumption of innocense unless and until proven guilty beyond a reasonable doubt).

A re-trial is also prevented by Miskimins v Shaver, 8 Wyo. 392, 58 Pac. 411, 413 (1899)(discharge on habeas corpus is final and dispositive; re-arrest and re-trial is unlawful). Wyoming habeas corpus law is protected by Wyoming Constitution, Article 1, section 17, and US Constitution, 14th Amendment, section 1, clause 2, 5th Amendment, due process clause, and the Article 4, section 2, privileges and immunities clauses. see Mills v Rogers (1982) 457 US 291, 299-300 (state created rights are protected by federal law).

Procedural bars do not apply since their purpose is to protect the state against the difficulties of re-trials such as dead or missing witnesses, decayed memories, and lost evidence. These purposes are not served since there will be no re-trial, as explained in the prior three paragraphs.

The state has no interest in keeping Woodruff in prison other than evil. The procedural bars are arbitrary violating the 5th and 14th Amendments, due process of law clauses, US Constitution.

## HARMLESS OR PREJUDICIAL ERROR

Since the error results in the absence of a jury verdict of guilt beyond a reasonable doubt it is per se prejudicial and a structural error; it is not subject to harmless error analysis.

Sullivan v Louisiana, 508 US 275, 280-281.

Another way the absence of a jury verdict of guilt beyond a reasonable doubt is shown to be besides that way explained on page 2, paragraph 8, through page 3, paragraph 3, above, is that CLAIM 2, infra, shows the jury verdict was not beyond a reasonable doubt of guilt and therefore violated the Constitution and is void because of an instruction error. The jury verdict cannot be used to impeach the judges statements and his factual finding of the absence of a jury verdict of guilt that is beyond a reasonable doubt of guilt.

Another reason harmless error analysis is inapplicable and the error is prejudicial is that the judge's statements, quoted above, page 2, paragraph 8, show that the case was close. Also, Judges Kalokathis and Meier also made statements that the case was winnable which indicate it was a close case.

Constitutional errors are prejudicial and not subject to harmless error analysis in close cases pursuant to the rule of Glasser v US, 315 US 60.

Even if the errors were subject to harmless error analysis they are prejudicial since the judge's findings of fact are dispositive, see 28 U.S.C. 2254(e)(1); Wainwright v Wilt, 469 US 512, 528, 534; Marshall v Londberger, 459 US 422, 434. The trial judge's statements about the evidence showing a reasonable doubt of guilt, as quoted above, page 2, paragraph 8, are dispositive

since he was a witness, Id., and his opinion is not guilty, Patton v US, 281 U 276, 289.

## CLAIM 2

ISSUE: Whether the jury instructions prevented a verdict of guilt if there was a reasonable doubt of guilt?

Jury instructions No. 5 and 6 read in part, "If you find from your consideration of all the evidence that any of those elements has not been proved beyond a reasonable doubt, then you should find DAVID WOODRUFF not guilty." See Jury Instructions in Wyoming v Woodruff, Case 23-114, 1st Judicial District, Wyoming District Court in Laramie County.

The jury was not instructed of the necessity that they find Woodruff not guilty if they have a reasonable doubt of guilt thereby violating due process, see Victor v Nebraska, 511 US 1, 5. The jury was only instructed that they "should" do so.

Black's Law Dictionary, 6th edition defines "should" as "ordinarily implying duty or obligation; although usually no more than an obligation of propriety or expediency, or a moral obligation ... ; it does not ordinarily express certainty as 'will' sometimes does."

"'Should' may imply merely an obligation of propriety; expediency, ect.; ... Webster's International Dictionary." State v Blaine, 124 P. 516, 517, 45 Mont. 482 (Mont. 1912).

Case 1:04-cv-00025     Document 1     Filed 05/03/2004     Page 22 of 59

"Webster's Third New Int'l Dictionary 1379 (6th ed. 1990)("[The word 'should'] ordinarily impl[ies] duty or obligation or propriety or expediency.")" United States v Maria, 186 F3d 65, 70 (CA2 NY 1999).

"Should" is a permissible term expressing desire or request, whereas "shall" is clearly unambiguous and creates imperative obligation. State v Garrett, 910 P2d 552, 80 Wash.App 651 (Wash.App.Div. 1996).

"... the common meaning of 'should' suggests or recommends a course of action while ordinary understanding of 'shall' describes a course of action that is mandatory." United States v Maria, 186 F3d 65, 70 (CA2 NY 1999).

"The verb 'should' has various shades of meaning. In its ordinary meaning it does not express certainty as the word 'will' sometimes does." Hubbord v Turner Department Store Co., 278 SW 1060, 1061, 220 Mo.App. 95 (Mo.Ct.App. 1926)(holding "should" was an "insurmountable" obstacle to a claim that is a "certain and unequivocal" operative term. Id., at 1061).

"Should" refers to recommended action, but not mandatory. Lawton v City of Pocatello, 886 P2d 330, 126 Idaho. 454 (Idaho.1994).

"Should" is permissible and expresses a desire or request. Tennant v Roys (1986) 44 Wash.App. 305, 313, 722 P2d 848.

"Should" is a non-mandatory term that did not instruct the

jury of the necessity that they find me not guilty if they have a reasonable doubt of my guilt.

The use of the non-mandatory term "may" in a reasonable doubt instruction has been held unlawful in United States v Augustine (CA3 1951) 189 F2d 587, 591; and Valentine v United States (CA5 1959) 272 F2d 777, 778-779 ("No room should be left by the courts instructions that would permit the jury to exercise a discretion to convict if a reasonable doubt as to guilt existed. ").

The word "should" is the past tense of "shall" but "should" does not convey a mandatory result or meaning when used in the present or future conditional sense, as it was used in the Jury Instructions quoted above, page 6, paragraph 2. "Should" is an auxiliary verb and the subjunctive of "shall" which means it will not convey the meaning of "shall" nor a mandatory result. Woodruff has an expert witness who verifies this who has been a professor of English for over 20 years and is tenured at the University of Wyoming. "Should" allows the jury to find guilt using ethical or moral considerations in spite of the fact they find a reasonable doubt of guilt.

This error violates Woodruffs right to a jury verdict of guilt only if it is beyond a reasonable doubt of guilt under the jury trial right, See Sullivan v Louisiana (1993) 508 US 275, 278, and,

-the right to have the jury properly instructed under the jury

Case 1:04-cv-00025   Document 1   Filed 05/03/2004   Page 24 of 59

trial right, Patton v US, 281 US 276, 288-289, and,

-the right to have the jury instructed that they may only find guilt if it is beyond a reasonable doubt of guilt under the due process of law right, Victor v Nebraska, 511 US 1, 5, and,

-the right to liberty and the presumption of innocense until and unless proven guilty beyond a reasonable doubt under the right to due process of law is violated. See In Re Winship, 397 US 358, 363-365.


## PROCEDURAL BARS

A re-trial is prevented by Miskimins v Shaver, 8 Wyo. 392, 58 Pac. 411, 413 (1899)(discharge on habeas corpus is final and dispositive; re-arrest and re-trial is unlawful). Wyoming habeas corpus law is protected by Wyoming Constitution, Article 1, section 17, and US Constitution, 14th Amendment, section 1, clause 2, 5th Amendment, due process clause, and the Article 4, section 2, privileges and immunities clauses. see Mills v Rogers (1982) 457 US 291, 299-300 (state created rights are protected by federal law).

Procedural bars do not apply since their purpose is to protect the state against the difficulties of re-trials such as dead or missing witnesses, decayed memories, and lost evidence. These purposes are not served since there will be no re-trial, as explained in the prior paragraph.

Case 1:04-cv-00025    Document 1    Filed 05/03/2004    Page 25 of 59

The state has no interest in keeping Woodruff in prison other than evil. The procedural bars are arbitrary violating the 5th and 14th Amendments, due process of law clauses, US Constitution.

## HARMLESS OR PREJUDICIAL ERROR

Since the error results in the absence of a jury verdict of guilt beyond a reasonable doubt it is per se prejudicial and a structural error; it is not subject to harmless error analysis. Sullivan v Louisiana, 508 US 275, 280-281.

Another reason harmless error analysis is inapplicable and the error is prejudicial is that the judge's statements, quoted above, page 2, paragraph 8, show that the case was close. Also, Judges Kalokathis and Meier also made statements that the case was winnable which indicate it was a close case.

Constitutional errors are prejudicial and not subject to harmless error analysis in close cases pursuant to the rule of Glasser v US, 315 US 60.

Even if the errors were subject to harmless error analysis they are prejudicial since the judge's findings of fact are dispositive, see 28 U.S.C. 2254(e)(1); Wainwright v Wilt, 469 US 512, 528, 534; Marshall v Londberger, 459 US 422, 434. The trial judge's statements about the evidence showing a reasonable doubt of guilt, as quoted above, page 2, paragraph 8, are dispositive since he was a witness, Id., and his opinion is not guilty,

Case 1:04-cv-00025    Document 1    Filed 05/03/2004    Page 26 of 59



Patton v US, 281 U 276, 289.

Also, the harmless error doctrine is not applicable because the error is a deliberate and especially egregious one. "Our holding does not foreclose the possibility that in an unusual case, a deliverate and especially egregious error of the trial type, or one that is combined with a pattern of prosecutorial misconduct, might so infect the integrity of the proceedings as to warrant the grant of habeas relief, even if it does not substantially influence the jury's verdict. Cf Greer v Miller, 483 US 756, 769, 107 Sct 3102, 3110, 97 Led2d 618 (1987)(Stevens, J., concurring in judgment)" Brecht v Abrahamson (1993) 507 US 619, 638, note 9, 113 Sct 1710, 1722, note 9, 123 Led2d 353.

Woodruff claims that the instruction error is deliberate and egregious because the prosecution and state knew the error violates the constitution and have released prisoners for that violation before, and since the jury instruction is part of the Wyoming Pattern Jury Instructions.


### HOW THE SEPARATION OF POWERS AND SUPREMACY
### CLAUSE AFFECT THE CLAIMS 1 AND 2

The harmless error doctrine and the procedural bar doctrine violate the US Constitution because they result in a different result than application of the constitutional protections that Woodruff has alleged are violated in the claims 1 and 2 argued

above. That violates the Supremacy Clause, Article 6, section 2, see the US Supreme Court in Marbury v Madison (1803) 5 US 137, 179 held, "So if a law be in opposition to the constitution: if both the law and the constitution apply to a particular case, so that the court must either decide that case conformably to the law, disregarding the constitution; or conformably to the constitution, disregarding the law: the court must determine which of these conflicting rules govern the case. This is the very essence of judicial duty.

"If then the courts are to regard the constitution; and the constitution is superior to any ordinary act of the legislature; the constitution, and not such ordinary act, must govern the case to which they both apply."

The harmless error doctrine and the procedural bar doctrine violate the US Constitution Separation of Powers, Article 3, section 1, and Article 1, section 1 because they are judicial creations of exceptions to the constitutional protections that Woodruff alleges are violated in claims 1 and 2, above. The courts cannot create exceptions to the US Constitution, but if the exceptions are appropriate then the US Congress can and needs to modify the US Constitution to account for them pursuant to Article 5 of the US Constitution.

Therefore the procedural bar and harmless error doctrine violate the United States Constitution and are void and cannot be

Case 1:04-cv-00025    Document 1    Filed 05/03/2004    Page 28 of 59

applied to bar Woodruff from relief that he seeks.

The US Supreme Court provides in US v Butler (1936) 297 US 1, 62-63, "The Constitution is the Supreme Law of The Land ordained and established by the people. All legislation must conform to the principles it lays down. When an act of Congress is appropriately challenged in the courts as not conforming to the constitutional mandate, the judicial branch of the government has only one duty; to lay the article of the Constitution which is invoked besides the statute which is challenged and to decide whether the latter squares with the former." This is true also of any law, whether it be a judicial decision, judicial doctrine, statute (state or federal), or official action of any sort.

## CONCLUSION

Woodruff reserves other arguments and defenses for later use.

I, David Woodruff, certify under the penalty of perjury that the foregoing is true and correct.

*April 25, 2004*

Executed ~~Feb~~ ~~March~~ 9 , ~~2004~~ ~~2003~~.

_David Woodruff_, Pro Se
I.D. #18323
Wyoming Prison
P.O. Box 400
Rawlins, Wy 82301

Memorandum On Rights Violation      Page 13 of 14

## CERTIFICATE OF MAILING

Woodruff certifies that he deposited this pleading into the Wyoming Prison Institutional Mailbox on ~~Feb 9~~ *April 25, 2004*, ~~2003~~ for mailing to the United States District Court For The Territory Of Guam ;

Woodruff certifies that the prison attaches postage subsequent to deposit in the institutional mailbox;

Woodruff certifies that the envelope was marked "Legal Mail" and that no further outgoing legal mail system at the Wyoming Prison exists that requires of Woodruff anything.

I, David Woodruff, certify under the penalty of perjury that the foregoing is true and correct.


*David Woodruff*
David Woodruff, Pro Se
I.D. #18323
Wyoming Prison
P.O. Box 400
Rawlins, Wy 82301

Executed ~~Feb 9~~ *April 25,* , ~~2003~~ *2004*.

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

IN RE: DAVID WOODRUFF,           )
   Petitioner,                )

## MEMORANDUM ON REASONED JUDGMENTS

David Woodruff, pro se has moved the court to issue
explanations citing facts, law, and just rationale why Woodruffs
arguments fail or grant the requested relief. Woodruff moves to
have this done in writing and for all the arguments he makes in
this action and appeal.

"[I]dentification of the specific dictates of due process
generally requires consideration of three distinct factors:
first, the private interest that will be affected by the official
action; second, the risk of an erroneous deprivation of such
interest through the procedures used, and the probable value, if
any, of additional or substitute procedural safeguards; and
finally, the Governments' interest, including the function
involved and the fiscal and administrative burdens that the
additional or substitute procedural requirements would entail.
See, e.g. Goldberg v Kelly, supra, US at 263-271, 25 Led2d 287."
Matthews v Eldridge, 424 US 319, 334.

## PRIVATE INTEREST

What is the private interest that will be affected by the
status quo of the official action?

Memorandum On Reasoned Judgments    Page 1 of 17

The questions of law Woodruff has argued in this action concern the application and interpretation of the Federal Constitution.

Of particular notice is that the action involves ultimately the question of whether, (1) Woodruff is incarcerated by a void judgment, and,(2) Woodruff will be permitted to proceed in forma pauperis.

The day after Woodruffs criminal trial the trial judge said, "The evidence, it seemed to me, was sufficiently equivocal that the jury could have found a reasonable doubt." on the record yet he failed to enter a judgment of not guilty, violating Woodruffs right to a jury trial, see Patton v US (1929) 281 US 276, 289 (judges opinion controls over contrary jury verdict if his opinion is not guilty beyond a reasonable doubt) and Woodruffs right to jury verdict of guilt only if it is beyond a reasonable doubt of guilt pursuant to a jury trial right, Sullivan v Louisiana (1993) 508 US 275, 278, and Woodruffs right to liberty and the presumption of innocence until and unless proven guilty beyond a reasonable doubt, In Re Winship, 397 US 358, 363-365 (due process of law).

The jury was never instructed of the necessity that they find Woodruff not guilty if they have a reasonable doubt of guilt, violating due process, Victor v Nebraska, 511 US 1, 5 (1994) but only that they "should" do so, which allows a choice of action.

Memorandum On Reasoned Judgments     Page 2 of 17

This also violates the jury trial right to have the jury properly instructed, Patton v US, 281 US 276, 288-289 (1929); the right to a jury verdict of guilt only if it is beyond a reasonable doubt of guilt pursuant to jury trial right, Sullivan v Louisiana (1993) 508 US 275, 278, and Woodruffs right to liberty and the presumption of innocense until and unless proven guilty beyond a reasonable doubt, In Re Winship, 397 US 358, 363-365 (due process of law).

Since the errors resulted in the absence of a jury verdict of guilt beyond a reasonable doubt, they are not subject to harmless error analysis, Sullivan v Louisiana, 508 US 275, 280-281.

Woodruffs claims are not frivolous.

Woodruffs federal right to liberty is pursuant to the 14th Amendment, section 1, clause 2, US Constitution.

Liberty is "'an interest of transcending value-as a criminal defendant his liberty.'" In Re Winship, 397 US 358, 364 (1970), quoting Speiser v Randall, 357 US 513, 525-526.

The issues in this case involve the right to access the court without being barred by the 28 U.S.C. 1915 law (See the "Response to Order to Show Cause.") and whether the judgment confining Woodruff is void (See the "Memorandum On Rights Violation.").

The right to access the court preserves all constitutional rights. Hudson v McMillan, 503 US 1, 15 (1992). The right of access to the court is an aspect of liberty that the government

must affirmatively protect. Lewis v Casey, 518 US 343, 405

(1996)(Stevens, J., dissenting); The ability to access the court

is the first and often only line of defense against

constitutional violations. Bounds v Smith, 430 U 817, 828 (1977).

If Woodruff fails, he may decide to appeal to the US Supreme

Court. "...records make possible appeals which, even if they do

not occur, import by their possibility a healthy atmosphere of

accountability." In Re Gault, 387 US 1, 38, Ft. 65 (1967)(quoting

Nat'l Crim Comm'n Report, pp 86-87). Increasing the possibility

of valid appeals directly implicates the right to access the

court.

"At least to the extent protected by the Due Process Clause,

the interest of a person subject to government action is in the

accurate determination of the matters before the court ...."

Heller v Doe (1993) 125 Led2d 257, 278. Woodruff contends more

accurate results will be reached by the court giving in writing

the facts, law, and just rationale explaining why and how

Woodruffs arguments fail, but leaves a description and argument

regarding how, to a later section of this argument showing and

titled "Probable Value Of New Procedural Safeguards."

Therefore, Woodruff has shown the private interest involved is

the constitutional right to liberty, 14th Amendment, US

Constitution, the right to access the court 1st Amendment,

petition clause, 5th Amendment, due process, Article 4, section

2, clause 1, privileges and immunities clauses of the US Constitution, and the right to an accurate determination of matters before the court, due process, 5th Amendment, US Constitution.

## RISK OF AN ERRONEOUS DEPRIVATION OF PRIVATE INTEREST(S) THROUGH THE PROCEDURES USED

When Woodruff makes arguments that fail but the court fails to explain why or how they fail citing a just reason; and fails to cite what laws were applied and what facts were relied on to be subjected to the applicable laws for a determination of a sound result, what rate of error exists?

No one can tell because there is nothing upon which to establish any error was made, nor that any error was not made. This is reason indicating that the risk of error is too high not to afford the new procedures.

North Carolina v Pierce, 23 Led2d 673, FN3, "'... The risk of judicial arbitrariness rests where, in my view, the constitution puts it - on the government.' Gori v United States, 6 Led2d 901 (Douglas J., dissenting)."

Using the new procedures, the risk of error will not be upon the litigants as much as on the government. By exposing the way a decision was made to deny a litigants arguments, we prevent the preservation of irrationality by the government and courts; we will institute logic and the guarantees of fairness will be

capable of execution; and the litigants will be able to show how the government and court has erred and the government and court will bear the risk of such an error.

## PROBABLE VALUE OF NEW PROCEDURAL SAFEGUARDS

What good would come from procedures requiring courts to explain why a litigants arguments fail citing facts, law, and just rationale?

"... 'law' is not a static concept, but expands and develops as new problems arise ..." Price v Johnston (1948) 334 US 266, 281.

Requiring judgments that state facts, law, and just rationale why a litigants arguments fail will allow the evolution, change, growth and creation of civil liberties.

Judges are not free in defining "due process" to rely on personal notions of fairness and disregard the limits that bind them. Dowling, 107 Led2d 708.

"The evil is so often spawned in the name of the law and the pursuit of the public order as expressed by officials who are engaged in doing what is, 'good,' 'right,' 'fair,' 'in the public interest,' or who are so often 'just doing their duty.' However, when public officials adopt their own ideas about morality as standards for adjudicating the righteousness of others – the 'good,' the 'right,' and the 'fair,' become the expedient. The standards for the successful society is then judged according to the end result with precious little attention being paid to the

Memorandum On Reasoned Judgments     Page 6 of 17

manner by which it is achieved and to how many heads may have fallen into the basket in the process. Government becomes ultra powerful and the citizen is relegated to the least rather that the most important unit of the social order. The fragile cobwebs of human rights become misty visions which tend to blend with the ghosts of some private opinion of what is 'good,' 'fair,' 'right,' and 'just' until they become inseparable and - at last - are no rights at all." Jerskey v State, 546 P2d 173, 177 - 178 (Wyo.1976).

These follies will be avoided by judgments that cite facts, law, and just rationale why a litigants arguments fail thereby "releasing the clutch of unconscious preference and irrelevant prejudice." Greater Boston T.V. Corp v FCC, 143 US App.D.C. 383, 394, 444 F2d 841, 852 (1970) cert. Den. 403 US 923, thereby serving due process of law, which "functions to prevent unfair and mistaken deprivations." Fuentes v Sherin (1972) 407 US 67, 97.

Judgments citing facts, law, and just rationale why a parties arguments fail will allow litigants to raise a focused objection to the reason(s), fact(s), or law(s) used. Due process requires that there be an opportunity to present every available defense. American Surety Co. v Baldwin, 287 US 156, 168 (1932).

"...records make possible appeals which, even if they do not occur, impart by their possibility a healthy atmosphere of

accountability." In Re Gualt, 387 US 1, 38, ft 65 (1967)(quoting Nat'l Crim Comm'n Report, pp. 86-87). A litigant cannot intelligently choose to appeal or object unless he is informed of why his arguments fail considering the courts explanation why they fail citing facts, law, and just rationale so that a litigant can estimate his likely success.

Also, a "healthy atmosphere of accountability," Id., goes to satisfy, as all other points argued in this section do, the rule the "The public conscience must be satisfied that fairness dominates the administration of justice." Adams v United States (1942) 317 US 269, 279.

Without a written opinion explaining why and how a litigants arguments fail citing facts, law, and just rationale, it is impossible to know how or whether he has been remiss in some way and future insufficiencies of that nature will not be avoided by the litigants and litigants in other cases. Parker v Atlantic C.L.R. Co., 133 NC 335, 45 SE 658, 658 (1903). This becomes a matter of whether adequate opportunity to raise a defense has been granted if a litigant can next meaningfully allege his pleadings are not defective or if they are that the defects may be remedied as a matter of right, Hall v Bellman, 935 F2d 1106, 1110, ft. 3 (CA10, 1991)(pro se litigants are to be given reasonable opportunity to remedy pleading defects); Munz v Darr, 758 F2d 1254 (CA8 1985)(pro so litigants must be given a chance

to amend their defective complaints).

The court can more accurately determine the issues before it under a requirement that the judgment contain a citation to facts, law, and just rationale why the litigants arguments fail.

"'Having determined which facts are properly before him, and utilizing accepted principles of law, the chancellor must then exercise independent judgment to determine the proper result.' Domingues v Johnson, 323 MD 486, 496, 593 A2d 1133 (1991)." Kirchner v Caughey, 606 A2d 257, 260 (Md.1992).

"The legal consequences flow from the facts and it is the province of the courts to ascertain and find facts in order to determine the legal consequences. That is every day practice." Aetna Life Ins. Co. v Hayworth (1932) 300 US 227, 243.

"It is emphatically the province and duty of the judicial department to say what the law is." Marbury v Madison (1803) 5 US 137, 177.

The court "must decide the particular dispute according to a rule or principle which covers a whole class of like disputes." Trail Motors, Inc. v First Nat Bank of Laramie, 301 P2d 775, 780 (Wyo.1956).

"Due process requires that court 'make certain' that proper professional judgment was 'in fact' exercised in the denial of a liberty interest. Youngberg v Romeo, 457 US 307, 321 (1982). Deference to professional judgment is not blind; it must be based

on evidence that the responsible professional was guided in his judgment by evaluation of the relevant circumstances .... See Bee v Greaves, 744 F2d at 1396." Large v Superior Court, 714 P2d 399, 408 (Ariz.1986).

Appellate courts need lower court judgments to cite facts, law, and just rationale why a litigants arguments fail to effectively discharge justice.

A court's judgment that does not pass on federal constitutional questions or does not clearly do so may be remanded to accomplish that. Blackburn v Alabama, 354 US 393.

"We have repeatedly emphasized the importance of a statement of the grounds of decision, both as to facts and law, as an aid to litigants and to this court." Public Serv. Com. v Wisconsin Telegraph Co., 289 US 67, 69.

"Intelligent exercise of our appellate powers compels us to ask for the elimination of the obscurities from the opinion in such cases." Minnesota v National Tea Co., 309 US 551, 557 (1940)(quoted in Bush v Palm Beach County Canvassing Bd., 531 US [advance, at page 6] (2000)).

Not only will Woodruff be in a position to intelligently choose to exercise his right to fix the error(s) and continue prosecution, and to object or appeal from a judgment if a court cites facts, law, and rationale why his arguments fail, but an appellate court may competently issue a judgment.

Also, prejudice against Woodruff because he is an indigent, pro se, not an attorney, and a prisoner is less likely to result in an illogical and arbitrary judgment if it cites facts, law, and just rationale why Woodruffs arguments fail.

Requiring judgments explaining why litigants arguments fail citing facts, law, and just rationale will;

(a) promote judges following the law instead of their personal notions that spawn the evil of the destruction of civil liberties.

(b) prevent arbitrary rulings governed by unconscious preference and irrelevant prejudice.

(c) allow objections focused on the grounds for denial of relief.

(d) allow defenses to be raised to the grounds for denial of relief.

(e) allow a litigant to intelligently choose to appeal or not according to the grounds for denial of relief and the litigants estimation of his chances for success.

(f) allow a litigant to modify his pleadings or conduct to conform to the law or court requirement(s).

(g) allow a litigant and other litigants in future cases to meet the requirements of law and of the court.

(h) allow the court to reach a more accurate result.

(i) allow the court to satisfy its duty of citing facts, law, just reason, and to apply principles and rules of law applicable to whole classes of like disputes.

(j) allow an appellate court to effectively and intelligently discharge justice.

(k) impart a healthy atmosphere of accountability.

(l) avoid judgments affected by prejudice against indigent, pro se, non-attorney, prisoner litigants, such as Woodruff, and

(m) satisfy "The public conscience [which] must be satisfied that fairness dominates the administration of justice." Adams v United States (1942) 317 US 269, 279.


Therefore, Woodruff states the probable value of new procedural safeguards of requiring judgments that state facts, law, and just rationale why the litigants arguments fail.

A court judgment should be direct, free from ambiguity, consistent, fully responsive to the issues and contain nothing indicating that they are ill founded in law. Luckenbach S.S. Co. v United States, 272 US 533 (discussing when remand required); Gillis v F&A Enters (Wyo.) 813 P2d 1304 (same).


## GOVERNMENTS INTEREST

It is the duty of the government to secure to the people the right of life, liberty and the pursuit of happiness, see the

Declaration of Independence, paragraph 2.

"One of the purposes of Article III was to vest in the federal courts the power to settle disputes that might threaten the peace and unity of the nation." Atascadero State Hospital v Scanlon (1985) 473 US 234, 269 (Brennan, dissent).

"'If a government refuses to do justice to individuals, war is the consequence. Is this the bloody alternative to which we are referred? ....' quoting Edmond Randolph, 3 Elliot's Debates, at 573." Atascadero, 473 US at 268 (Brennan, dissent).

"The public conscience must be satisfied that fairness dominates the administration of justice." Adams v United States (1942) 317 US 269, 279.

Woodruff claims that the above government interests will be served by requiring judgments citing facts, law, and just rationale why and how Woodruffs arguments fail, if they do.

<u>GOVERNMENTS FUNCTION INVOLVED</u>

"... courts ... are bound by ... [the US Constitution]." Marbury v Madison (1803) 5 US 137, 180.

"The very essence of civil liberty certainly consists in the right of every individual to claim the protection of the laws, whenever he receives an injury. One of the duties of government is to afford that protection." Marbury v Madison (1803) 5 US 137, 180.

The court "must decide the particular dispute according to a

rule or principle which covers a whole class of like disputes."
Trail Motors, Inc. v First Nat Bank of Laramie, 301 P2d 775, 780
(Wyo.1956).

"The legal consequences flow from the facts and it is the
province of the courts to ascertain and find facts in order to
determine the legal consequences. That is every day practice."
Aetna Life Ins. Co. v Hayworth (1936) 300 US 227, 243.

"It is emphatically the province and duty of the judicial
department to say what the law is." Marbury v Madison (1803) 5 US
137, 177.

Article III of the US Constitution embraces a power in the
federal courts to formulate the law to be applied. National Fruit
Product Co. v Dwinell-Wright Co., (D.C. Mass, 1942) 47 F.Supp
499, add'd 140 F2d 618.

Courts sit to adjudicate controversies involving alleged
denials of constitutional rights. Lucas v Forty-Fourth General
Assembly of State of Co. (1964) 377 US 713.

The above stated laws indicate the government function
involved.

<u>FISCAL AND ADMINISTRATIVE BURDENS ENTAILED</u>

<u>BY NEW PROCEDURAL SAFEGUARDS</u>

Woodruff presumes for the sake of argument but by no means
accepts that judges are presumed to know the law and apply it in
making their decisions. Lambrix v Singletary, 117 SCt 1517, 137

Led2d 771 (US 1997); Glasser v US, 315 US 60, 71 (judge or court has duty to enforce laws and rights); Johnson v Zerbst, 304 US 458, 465 (same); Taylor v Kentucky (1978) 436 US 478, 489, ft. 17 (same); Estelle v Williams, 425 US 501, 503 (same); Article 6, section 3, US Constitution (Oath of Office); 28 U.S.C. §453 (Oath of Office); Article 6, section 2, US Constitution (Supremacy Clause).

There is a presumption that judgments are correct. Martin v Gray, 142 US 236; Thompson v Tolmie, 27 US 157; Evers v Watson, 156 US 527; Landes v Brant, 51 US 348; Dowell v Applegate, 152 US 327.

These laws indicate that judges find facts, law, and just rationale and apply them when deciding whether or not and how a litigants arguments fail in reaching a decision. Therefore, Woodruff claims the only cost and administrative burden involved is transferring these facts, law, and just rationale from thought to print.

Woodruff claims this is too cheap and easy to avoid the implementation of new procedural safeguards.

To any further extent that the cost and burden is an issue, Woodruff claims the government or court has the burden to produce evidence thereof, since that is within their knowledge peculiarly and particularly. Hildebrand v Chicago, B & O.R.R., 17 P2d 651 (Wyo. 1933); Browzen v Catholic University of America, 527 F2d

843 (C.A. D.C. 1975).

## CONCLUSION

Therefore Woodruff argues that he is entitled to and the court must issue judgments in writing explaining how and why all of Woodruffs arguments fail citing facts, law, and just rationale pursuant to the right to be heard at a meaningful time and manner, the right to accurate judgments, and the right to meaningfully petition and access the court, 1st Amendment, petition, 5th Amendment, due process, and Article 4, section 2, clause 1, privileges and immunities clauses of the US Constitution, and requests declaratory relief also.

I, David Woodruff, certify under the penalty of perjury that the foregoing is true and correct.

_David Woodruff_
David Woodruff, Pro Se
I.D. #18323
Wyoming Prison
P.O. Box 400
Rawlins, Wy 82301

Executed *April 25, 2004* ~~Feb 9, 2003~~.

## CERTIFICATE OF MAILING

Woodruff certifies that he deposited this pleading into the Wyoming Prison Institutional Mailbox on *April 25, 2004* ~~Feb 9, 2003~~ for mailing to the United States District Court For The Territory Of Guam ;

Memorandum On Reasoned Judgments     **Page 16 of 17**

Woodruff certifies that the prison attaches postage subsequent to deposit in the institutional mailbox;

Woodruff certifies that the envelope was marked "Legal Mail" and that no further outgoing legal mail system at the Wyoming Prison exists that requires of Woodruff anything.

I, David Woodruff, certify under the penalty of perjury that the foregoing is true and correct.


_David Woodruff_
David Woodruff, Pro Se
I.D. #18323
Wyoming Prison
P.O. Box 400
Rawlins, Wy 82301

Executed ~~Feb 9~~, April 25, 2004 ~~2003~~.

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

IN RE: DAVID WOODRUFF,                )
    Petitioner,                           )

## MEMORANDUM ON JURISDICTION

The following is five arguments showing the Judge has
jurisdiction to grant relief. Each of them shows a federally
granted right is at stake to which the judicial power of the
United States extends. Robert v Twin Falls Coal Co. (1963) 223
F.Supp 752. Moreover, no court, state or federal, may serve as an
accomplice in the willful transgression of federal laws by which
judges in every state are bound. Lee v State of Fla. (1968) 392
US 378. Federal law is enforceable in state courts, and federal
courts, Howlett By and Through Howlett v Rose (1990) 496 US 356.
Courts sit to adjudicate controversies involving alleged denials
of constitutional rights. Lucas v Forty-Fourth General Assembly
of State of Colo., (1964) 377 US 713. "'A case in law or equity
... may truly be said to arise under the Constitution or a law of
the United States whenever its correct decision depends on the
construction of either.' Cf. Binderup v Path Exchange (1923) 263
US 291, 305, 306; Smith v Kansas City Title Co. (1921) 255 US
180, 199; The Fair v Kohler Die Co. (1913) 228 US 22, 25;
Swafford v Templeton (1901) 185 US 487, 494." Bell v Hood, 71

Memorandum On Jurisdiction          Page 1 of 12

F.Supp. 813, 814-815 (1947).

## #1: STATE COMMON LAW

An argument that the judge has jurisdiction to grant relief is as follows.

The common law is preserved in Wyoming habeas corpus jurisprudence. Ex Parte Brugneaux, 63 P2d 800, 801 (Wyo.1937)(citing W.S. 1-27-101 et. seq.); Miskimins v Shaver, 58 Pac. 411, 415 (Wyo. 1889)(The Wyoming Constitution, Article 1, section 17 preserves the right to common law habeas corpus jurisprudence); W.S. 8-1-101 (common law is rule of decision for Wyoming law); W.S. 1-4-101 (common law causes of action survive in Wyoming law); WS 1-6-102(b) (common law defenses preserved in Wyoming law).

"... by the common law of England applications can be made ... [for writes of habeas corpus] to every justice of the Kingdom ...." and "... the entire judicial power of the country could thus be exhausted. Ex Parte Kaine, 3 Blatchf. 5 and cases there cited." Ex Parte Cuddy (C.C. Cal. 1889) 40 F. 62, 65 (Justice Field).

"It is true that an enlargement of equitable rights arising from the statutes of a state may be administered by the circuit courts of the United States. Broderick's Will, 21 Wall. 503, 520 sub. nom. Kieley v McGlynn, 22 Led 599, 606; Holland v Challum, 110 US 15, 24; Dick v Foracker, 155 US 404, 415; Bardon v Land &

Memorandum On Jurisdiction      **Page 2 of 12**

River Improv. Co., 157 US 327, 330; Rich v Braxton, 158 US 375, 405." Smith v Reeves (1900) 178 US 436, 444.

Mills v Rogers (1982) 457 US 291, 299-300, provides state created substantive and procedural rights and protections and liberty interests are protected by the federal constitution, 1st Amendment, petition; Article 4, section 2, privileges and immunities; 5th Amendment, due process; Article 3, section 2, clause 1; and 14th Amendment, section 1, clause 2, clauses of the US Constitution.

Marbury v Madison (1803) 5 US 137, 178, 180 provides that no federal statute or other law may contravene the US constitution, citing Article 6, section 2, US Constitution (Supremacy Clause).

Therefore, the Judge has jurisdiction to grant relief.

## #2: US CONSTITUTION, COMMON LAW

Another argument that the judge has jurisdiction to grant relief is as follows.

"Equity jurisdiction, as conferred by the constitution on the federal courts, imposes the duty to adjudicate according to the equitable rules and principles recognized by the courts of Chancery in England at the time our constitution was formed. Atlas Ins. Co. v W.I. Southern Inc. (1939) 306 US 563, 568; Waterman v Canal-Louisiana Bank Co. (1909) 215 US 33, 43; Mississippi Mills v Cohn (1893) 150 US 202, 205; Payne v Hook (1868) 74 US 425, 430; Pennsylvania v Wheeling & Belmont Bridge

Co. (1855) 59 US 460, 462." Bell v Hood, 71 F.Supp. 813, 819 (1947).

The equity jurisdiction conferred on the federal courts is the same that the High Court of Chancery in England possesses. Payne v Hook (1868) 74 US 425.

"Injunctive relief from inequitable proceedings at common law was available in equity 'to stay trial; or, after verdict, to stay judgment; or, after judgment, to stay execution.' J. Story, Equity Jurisprudence, ¶874, p. 72 (11th ed. 1873)." Pulliam v Allen, 46 US 522, 549 (Powell, dissent).

"The Kings bench exercised significant collateral control over inferior and rival courts through the use of prerogative writs. The writs included habeas corpus .... 1 Holdsworth at 226 – 231 (7th ed. 1956)." Pulliam v Allen, 466 US 522, 532.

"... by the common law of England applications can be made ... [for the writ of habeas corpus] to every justice of the Kingdom ...." and "... the entire judicial power of the country could thus be exhausted. Ex Parte Kaine, 3 Blatchf. 5 and cases there cited." Ex Parte Cuddy (C.C. Cal. 1889) 40 F.62, 65 (Justice Field).

"... in England applications could be made for the issue of the writ [of habeas corpus] by one illegally restrained of his liberty to ... every other justice of the realm until its entire judicial power was thus exhausted. Ex Party Cuddy (1899; C.C.) 14

Memorandum On Jurisdiction            **Page 4 of 12**

Sawy 171, 40 F. 62." Hurst v Cook (Utah.1989) 777 P2d 1029, 1034.

The US Congress cannot withdraw from judicial cognizance any matter from which in nature was the substance of a suit at common law, in equity, or admiralty. Den ex den. Murray v Hoboken Land & Improv. Co., 18 How 272, 15 Led 372.

Therefore, the judge has jurisdiction to grant relief.

### #3: QUESTIONS OF JURISDICTION

Another argument that the judge has jurisdiction to grant relief is as follows.

"...the jurisdiction of any court exercising authority over a subject may be inquired into in every other court, when the proceedings in the former are relied upon, and brought before the latter, by a party claiming the benefit of such proceedings." Williamson v Berry (1850) 49 US 495, 540.

"[E]rror of a court in construing any constitutional immunity or right in a criminal case against the accused is as fatal to the judgment as assuming jurisdiction where the court had none. Error in either case destroys the power to render any valid judgment, and, if rendered, it is not simply erroneous, but void." Dryden v State, 535 P2d 483, 490 (Wyo. 1975)(citations omitted).

"'The want of jurisdiction is a matter that may always be set up against a judgment when it is to be enforced, or when any benefit is claimed under it.' (Cites omitted)." Williamson v

Berry (1850) 49 US 495, 542.

Due process is violated by a judgment rendered by a court without jurisdiction. Scott v McNeal (1894) 154 US 34, 46; and, where a court proceeds in an unconstitutional manner, the effect thereof is to destroy the jurisdiction of the court ...." Thomas v Justice Court of Washakie County, 538 P2d 42, 44 (Wyo.1975).

Therefore, the judge has jurisdiction to grant relief.

### #4: US CONSTITUTION, STATUTES

Another argument that the judge has jurisdiction to grant relief is as follows.

Grants of statutory sources of jurisdiction pursuant to the creation of courts under Article 3, section 1, US Constitution are not capable of opposing nor contravening the "Controlling provisions of the Constitution," Patton v US (1930) 281 US 276, 298 - 299, which prevents courts from "proceed[ing]" Id., unless complying therewith "because the accused is entitled by the terms of the constitution to that mode of trial," Id.

Article 3, section 2, clause 1, US Constitution, preserves the right to a jury trial. Ellis v Daves (1883) 109 US 485.

The constitution is the Supreme Law of the Land, Article 6, section 2, US Constitution, and any law in opposition to it or contravening it is void. Marbury v Madison (1803) 5 US 137, 178, 180.

The substantive claims involve the mode of trial and are based

Case 1:04-cv-00025    Document 1    Filed 05/03/2004    Page 53 of 59

on the US Constitution, including treaty based rights which are
all the Supreme Law of the Land, Article 6, section 2, US
Constitution, see the "Memorandum On Rights Violations." Even the
arguments made in this pleading, in hand, showing the judge has
jurisdiction to grant relief are based on the US Constitution and
cannot be opposed or contravened by any statute or other law.

Therefore the judge has jurisdiction to grant relief.

### #5: IMPLIED REMEDY

Another argument that the judge has jurisdiction is as
follows.

"... where there is a legal right, there is also a legal
remedy by suit or action at law whenever that right is invaded."
Marbury v Madison (1803) 5 US 137, 163 (quoting Blackstone
Commentaries, pg 23). "... every right, then withheld, must have
a remedy and every injury its proper redress." Id. (Blackstone,
at pg 109).

"... the constitution lays down principles which control the
use of power, and does not attempt meticulous or detailed
directions." US v Butler (1936) 297 US 1, 67.

"A Constitution, to contain an accurate detail ... of all the
means by which they may be carried into execution ... could
scarcely be embraced by the human mind." McCulloch v State of
Maryland, 4 Wheat 159, 200. "[The Constitution] ... does not
profess to enumerate the means by which the powers it confers may

be executed." Id. "But it may with great reason be contended, that a government, entrusted with such ample powers, on the due execution of which the happiness and prosperity of the nation so vitally depends, must also be entrusted with ample means for their execution. The power being given, it is the interest of the nation to facilitate its execution. It can never be their interest, and cannot be presumed to have been their intention to clog and embarrass its execution, by withholding the most appropriate means." Id.

The McCulloch court continues on saying it must have been the intention of those who gave constitutional powers to insure, "so far as human prudence could insure, their beneficial execution." Id., at 203, and that there was no motive for mentioning a means for executing constitutional powers specifically enumerated in the Constitution, Id., at 206.

"The Constitution contains no description of those processes which it was intended to allow or forbid." Den ex den Murray v Hoboken Land & Improv. Co., 59 US 272, 276, 18 How 272, 276, 15 Led 372.

"Let the end be legitimate, let it be within the scope of the constitution, and all means which are appropriate, which are plainly adopted to that end, which are not prohibited, but consistent with the letter and spirit of the constitution, are constitutional. Montague v Richardson, 24 Conn. 348." McCulloch v

Memorandum On Jurisdiction          Page 8 of 12

State of Maryland, 4 Wheat 159, 206.

"... when once a wrong is brought to light. There can be no stopping after that until justice has been done." Bemis Bros. Bag Co. v US (1933) 289 US 28, 36.

"'where federally protected rights have ben invaded it has been the rule from the beginning that courts will be alert to adjust their remedies so as to grant the necessary relief.' (Cites omitted)." Bivens v Six Unknown Named Agents of F.B.N. (1971) 403 US 388, 392.

"Few more unseemly sights for a democratic country operating under a system of limited governmental power can be imagined that the specter of its courts standing powerless to prevent a clear transgression by the government of a constitutional right of a person with standing to assert it. Cf. Crowell v Benson, 285 US 22, 56-61 (1932)." Bivens v Six Unknown Named Agents Of F.B.N. (1969) 409 F2d 718, 723.

"It is now clear that there is an implied injunctive remedy for ... continuing constitutional violations. See Bell v Hood, 327 US 678, 684, and n. 4 (1946); Larsen v Domestic and Foreign Commerce Corp., 337 US 682, 696-697 (1949); Ex Parte Young, 209 US 123 (1909); US v Lee, 106 US 196 (1882) ... Injunctive relief also seems to be a corollary to the power of judicial review established by Marbury v Madison, 1 US 137 (1803)." Bivens v Six Unknown Named Agents Of F.B.N. (1969) 409 F2d 718, 723.

Another "example of an implied constitutional remedy is the exclusionary rule declared by Weeks v US, 232 US 383 (1914) and applied to the states by Mapp v Ohio, 367 US 643 (1961). ...[W]ithout this remedy the [constitutional] right remained only a 'form of words.' 367 US at 655." Bivens v Six Unknown Named Agents of F.B.N. (1969) 409 F2d 718, 723.

Courts will restrain, by issuing injunctions, state agents from doing what the 14th Amendment forbids the state to do. Chicago B & Q.R.R. Co. v City of Chicago, 166 US 226; Ex Parte Virginia, 100 US 339, 346, 347.

"'As has been again and again decided by your own Supreme Court of the United States, and everywhere also where there is wise judicial interpretation, the largest latitude consistent with the words employed is uniformly given in construing ... constitutional provisions as are meant to protect and defend and give remedies for their wrongs to all the people. ... chief Justice Jay and Story also say:

"'"Where a power is remedial in its nature there is much reason to contend that it ought to be construed liberally, and it is generally adopted in the interpretation of laws." -1 Story on Constitution, sec. 429' Globe App. At 68." Monell v Dept. of Social Serv. Of Cty. Of New York (1978) 436 US 658, 684.

Therefore, the Judge has jurisdiction to grant relief.

<center>CONCLUSION</center>

Therefore, it is shown that the judge has jurisdiction to issue habeas corpus, declaratory, and injunctive relief. The ancient habeas corpus jurisprudence survives via state law protected by the US Constitution; or survives via the US Constitution; or the power to vacate judgments entered without jurisdiction is in all courts, even those who did not enter it; or statutory jurisdictional grants of power will not inhibit enforcement of a constitutional right; or the judicial remedy co-exists with a constitutional violation.

I, David Woodruff, certify under the penalty of perjury that the foregoing is true and correct.


_David Woodruff_
David Woodruff, Pro Se
I.D. #18323
Wyoming Prison
P.O. Box 400
Rawlins, Wy 82301

Executed ~~Feb 9~~ *April 25,* , ~~2003~~ *2004*.


## CERTIFICATE OF MAILING

Woodruff certifies that he deposited this pleading into the Wyoming Prison Institutional Mailbox on ~~Feb 9~~ *April 25, 2004* , ~~2003~~ for mailing to the United States District Court For The Territory Of Guam ;

Memorandum On Jurisdiction        **Page 11 of 12**

(6071)

Woodruff certifies that the prison attaches postage subsequent to deposit in the institutional mailbox;

Woodruff certifies that the envelope was marked "Legal Mail" and that no further outgoing legal mail system at the Wyoming Prison exists that requires of Woodruff anything.

I, David Woodruff, certify under the penalty of perjury that the foregoing is true and correct.

Executed April 25, 2004.

David Woodruff, Pro Se
I.D. #18323
Wyoming Prison
P.O. Box 400
Rawlins, Wy 82301

Case 1:04-cv-00025    Document 1    Filed 05/03/2004    Page 59 of 59